

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| TERRANCE GRIFFIN, | § |
| | § |
| vs. | § CIVIL ACTION NO. 0:20-1115-MGL-PJG |
| | § |
| ALICE V. MASCIO, | § |
| Defendant. | § |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE
FOR FAILURE TO PROSECUTE**

Plaintiff Terrance Griffin (Griffin) filed this action pursuant to 42 U.S.C. § 1983 against Defendant Alice V. Mascio (Mascio). His lawsuit is based on Mascio's denying Griffin in-person visitation with a certain individual, Lucretia Brown, a/k/a/ Empress Malkia SunShine Bey Love (Brown). Griffin is self represented.

The matter is before the Court for review of the Report and Recommendation of the United States Magistrate Judge suggesting (1) this action be dismissed with prejudice for lack of prosecution and, (2) Mascio's motion to dismiss be terminated. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 1, 2021, but Griffin failed to file any objections. Nevertheless, inasmuch as Griffin submitted an untimely response in opposition to Mascio's motion to dismiss, it appears he has decided he does in fact want to prosecute this case. Thus, the Court thinks it appropriate to provide further explanation as to why it will nevertheless accept the Magistrate Judge's recommendation and dismiss this action with prejudice for failure to prosecute.

A summary of the relevant entries to the docket in this case helps to demonstrate why the Court's dismissal for failure to prosecute is proper:

| | |
|---|---|
| October 28, 2020 | Mascio filed her motion to dismiss. |
| October 29, 2020 | The Magistrate Judge filed a *Roseboro* order directing Griffin to file his response to Mascio's motion by November 30, 2020. |
| December 3, 2020 | The Clerk entered Mascio's request for an extension of time to file his response to Mascio's motion to dismiss. |
| December 7, 2020 | The Magistrate Judge filed a text order granting Griffin's request and giving him until December 28, 2020, to file his response to Mascio's motion to dismiss. She also warned Griffin that "[f]ailure to comply may result in dismissal of the Complaint for failure to prosecute." |
| January 4, 2021 | The Clerk entered Griffin's second request for an extension of time to file his response to Mascio's motion to dismiss. |
| January 5, 2021 | The Magistrate Judge filed another text order granting Griffin's request and giving him until February 8, 2021, to file his response to Mascio's motion to dismiss. She again warned Griffin that "[f]ailure to comply may result in dismissal of the Complaint for failure to prosecute." |
| February 8, 2021, and February 24, 2021 | The Clerk entered Griffin's third and fourth requests for an extension of time to file his response to Mascio's motion to dismiss. |
| February 24, 2021 | The Magistrate Judge filed yet another text order giving Griffin until March 24, 2021, to file his response to Mascio's motion to dismiss. |

|               |                                                                                                                                                                                                                |
|---------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|               | She once again warned Griffin that "[f]ailure to comply may result in dismissal of the Complaint for failure to prosecute." She also stated that "[n]o further extensions will be granted absent extraordinary circumstances." |
| March 24, 2021 | Griffin's response to Mascio's motion to dismiss was due.                                                                                                                                                      |
| April 1, 2021  | The Magistrate Judge filed her Report recommending (1) this action be dismissed with prejudice for lack of prosecution, and (2) Mascio's motion be terminated.                                                 |
| April 1, 2021  | The mailroom at the Lieber Correctional Institution received Griffin's response to Mascio's motion to dismiss for mailing.                                                                                     |
| April 18, 2021 | Mascio's objections to the Report were due to the Court.                                                                                                                                                       |

As the Court noted already, the Magistrate Judge filed a text order on February 24, 2021, giving Griffin until March 24, 2021, to file his response to Mascio's motion to dismiss. She also issued two warnings: (1) "[f]ailure to comply may result in dismissal of the Complaint for failure to prosecute[;]" and (2) "[n]o further extensions will be granted absent extraordinary circumstances." But, Griffin failed to file anything by the March 24, 2021, deadline.

Instead, he filed his untimely response in opposition to Mascio's motion to dismiss on April 1, 2021. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (as per the prison-mailbox rule, which applies to an inmate such as Griffin, his response is considered filed on the day he "delivered it to the prison authorities for forwarding to the court clerk."). This was, however, eight days after the March 24, 2021, due date. And, although the Magistrate Judge had informed Griffin "[n]o further extensions [would] be granted absent extraordinary circumstance[,]" February 24, 2021, Text Order, Griffin neither asked for another extension of time to file a response nor offered any excuse for having done so.

Of course, there can be no dispute that "dismissal with prejudice is a 'harsh sanction which should not be invoked lightly.'" *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (quoting *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)). Therefore, when considering

such a dismissal, the Court must consider "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of a sanction less drastic than dismissal." *Id*. (citation omitted) (internal quotation marks omitted).

As the Magistrate Judge correctly stated, Griffin "is personally responsible for proceeding in a dilatory fashion, [Mascio] is suffering prejudice by continuing to have these claims clouding her career and continuing to incur legal expenses, and no sanctions appear to exist other than dismissal given the previous warnings and extensions provided." Report at 2 n.1. In addition, concerning the dilatory factor, as the Court detailed above, the Magistrate Judge gave Griffin several extensions of time to file his response in opposition to Mascio's motion to dismiss. But, he still failed to file a timely response.

"Nonetheless, the four factors discussed in *Chandler* are not a rigid four-prong test. Rather, the propriety of a dismissal of the type involved here depends on the particular circumstances of the case." *Ballard v. Carlson*, 882 F.2d 93, 95–96 (4th Cir. 1989). Here, the Magistrate Judge's three explicit warnings that dismissal for failure to prosecute might result from Griffin's failure to file a timely response to Mascio's motion is of critical importance in the Court's determination that it has no alternative to dismissal, even though Griffin eventually filed a late response in opposition to Mascio's motion. "Any other course would . . . place[] the credibility of the [C]ourt in doubt and invite[] abuse." *Id*. at 96. Therefore, the Court concludes it is proper to dismiss Griffin's complaint with prejudice for failure to prosecute.

Even if the Court were to consider Griffin's argument against Mascio's motion to dismiss, however, the Court would still dismiss his lawsuit. Griffin argues in his response in opposition that Mascio's disallowing him visitation with Brown is violative of his First and Fourth Amendment rights.

"But[,] no matter the constitutional footing, the freedom of association is among the rights least compatible with incarceration because the concept of incarceration itself entails a restriction on the freedom of inmates to associate with those outside of the penal institution[.]" *Desper v. Clarke*, 1 F.4th 236, 243 (4th 2021) (citations omitted) (internal quotation marks omitted) (alteration marks omitted). "It is no surprise, therefore, that although the Supreme Court has considered issues concerning the visitation rights of prisoners in several cases, no case from that Court or [the Fourth Circuit] clearly establishes a constitutional right to visitation in prison grounded in the First or Fourteenth Amendments." *Id*. at 243-44 (citations omitted) (internal quotation marks omitted) (alteration marks omitted).

Therefore, after a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court Griffin's lawsuit is **DISMISSED WITH PREJUDICE** for lack of prosecution and Mascio's motion to dismiss is **RENDERED AS MOOT**.

**IT IS SO ORDERED**.

Signed this 19th day of July, 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

Griffin is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.